UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANEEN GONDEK, | : | Civil Action No. 16-455 (MAS) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| HILTON WORLDWIDE, INC., et al., | : | |
| Defendants. | : | |

This matter comes before the Court on a motion by Defendants Hilton Worldwide, Inc. and HLT Property Acquisition, L.L.C., improperly pled as Hilton Orlando Lake Buena Vista, seeking leave to file a Third Party Complaint. *See* docket no. 10. Specifically, Defendants seek the Court's permission to file a Third Party Complaint against GF Health Products, Inc. ("GF") and Dalziel Supply World ("Dalziel") which, Defendants contend, were the manufacturer and supplies, respectively, of the handicapped shower bench which is the subject of Plaintiff's claims against Defendants. A copy of Defendants' proposed Third Party Complaint is included among Defendants' moving papers. *See* docket no. 10-3. Defendants maintain that GF was negligent in the "design, manufacture, assembly, testing, inspection, distribution, marketing and/or sale of the subject Bench." *Id.* at paragraph 10. Defendants also maintain that Dalziel was negligent in the "assembly, testing, inspection, distribution, marketing and/or sale of the subject Bench." *Id.* at paragraph 19.

Plaintiff has opposed Defendants' motion arguing that bringing "a new party into this action, without good cause, will unduly delay resolution of this matter and prejudice the Plaintiff." *See* docket no. 11. The Court agrees and, therefore, for the reasons set forth below, Defendants' motion is DENIED.

I. LEGAL STANDARD

A motion to leave to file a Third Party Complaint is treated in a similar manner as a motion for leave to amend the original pleadings. *See Crocker v. Kooltronic. Inc.,* 2011 WL 689623, *2 (D.N.J. Feb. 18, 2011). The determination of a motion to amend falls within the sound discretion of the District Court, and leave should be freely given when justice so requires. *See Spencer v. Cannon Equip. Co.,* 2009 WL 1883929, at *2-3 (D.N.J. June 29, 2009); Fed. R. Civ. P. 15(a)(2). Courts "have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." In this case, *Spencer*, 2009 WL 1883929 at *2-3.

II. ANALYSIS

In this case, Plaintiff alleges that she sustained serious personal injuries on September 13, 2014 when the handicapped shower bench in the bathroom of her hotel room collapsed. Plaintiff filed a Complaint in the Superior Court of New Jersey on September 14, 2015. The Second Count of Plaintiff's Complaint alleges that the subject shower bench was "defectively designed, manufactured, distributed produced, sold, assembled, inspected, supplied

and/or failed to have adequate warning" by one or more fictitious defendants. *See* docket no. 1-2. Defendants removed the action to this Court on January 26, 2016. *See* docket no. 1.

On April 20, 2016, the Court conducted an initial scheduling conference pursuant to Fed. R. Civ. P. 16. During the conference, the Court raised the question of adding parties based on the allegations in Plaintiff's Complaint and urged counsel to move expeditiously to complete the investigation necessary to identify such parties. Following that conference a Pretrial Scheduling Order was entered on April 25, 2016. *See* docket no. 4. Pursuant to that Order any application for leave to amend the pleadings or join new parties was to be filed by September 20, 2016. Thereafter, the Court conducted a series of status conferences (*i.e.* on July 12, 2016, November 4, 2016, January 18, 2017, February 1, 2017, March 2, 2017 and May 3, 2017). Revised Scheduling Orders were filed on November 4, 2016 [dkt. no. 6] and March 6, 2017 [dkt. no. 8]. Pursuant to the latest Scheduling Order, dated November 4, 2016, fact discovery was to be complete by January 31, 2017. During the status conference on February 1, 2017, counsel reported that fact discovery was complete. During the status conference on May 3, 2017, defense counsel reported the results of Defendants' expert's verbal opinion concerning the bench. Defendants' motion was filed on May 24, 2017.

Defendants' motion is not timely. Defendants never sought any extension of the September 20, 2016 deadline to join additional parties. Defendants' motion was filed nearly four months after the close of fact discovery. The subject shower bench was under Defendants' control since the date of its alleged failure in September 2014. Despite the Court's early admonition, the bench was not inspected by Defendants' engineer until April 12, 2017. Only

thereafter did Defendants conduct "an exhaustive investigation" to identify the manufacturer of the bench. Docket no. 10-4 at page 4. Under the circumstances, the Court finds that Defendants' delay in determining the identities of the manufacturer and supplier was neither justified or reasonable.

If granted, Defendants' application would undoubtedly delay the trial of this action. Although no trial date has been set, discovery is complete and the Final Pretrial Conference was set for September 11, 2017.[1] Certainly if Defendants were permitted to join additional parties they would have to be located, served, respond to the pleadings, and discovery would have to be reopened in order for the proposed third party defendants to fairly defend themselves. Consequently, the resolution of this action would be delayed significantly.

Permitting Defendants to prosecute the claims asserted in the Third Party Complaint would complicate the issues at trial. Although Plaintiff's Complaint included claims of negligence against the (unidentified) manufacturer and supplier of the bench. Plaintiff's expert has opined that her injuries resulted from the negligent installation and/or maintenance of the bench. Joining Defendants' third party claims, based on their expert's opinion that the bench was defective (despite having been operational for 10 years) due to improper welding and non-uniform bead size, would undoubtedly expand and complicate the issues to be presented at trial.

Finally, notwithstanding Defendants' argument to the contrary, Plaintiff will certainly suffer prejudice if Defendants' motion is granted. This action has been actively

---

[1] The Final Pretrial Conference has been adjourned without date pending resolution of this motion.

litigated for nearly two years.  Fact discovery, including depositions of the existing parties, is complete.  Expert reports have been exchanged and the case is ready for trial.  Expanding the scope of the litigation at this time would require, at minimum, reopening discovery to permit the newly added parties to re-depose Plaintiff and Defendants' witnesses, the re-examination of Plaintiff by those parties' medical experts, additional testing of the bench by their engineers, and another exchange of expert reports.  The additional time and expense to Plaintiff is sufficiently prejudicial and antithetical to the stated objectives of Fed. R. Civ. P. 1 to warrant denial of Defendants' motion.

III.  CONCLUSION AND ORDER

For the reasons stated above, and the Court finding that Defendants have failed to establish good cause of the relief sought,

IT IS on this 24th day of August 2017,

ORDERED that Defendants' motion for leave to file a Third Party Complaint is DENIED.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge